**UNITED STATES DISTRICT COURT**
**FOR THE EASTERN DISTRICT OF MICHIGAN**
**SOUTHERN DIVISION**

**JANE DOE,**
**Plaintiff,**

**v.**

**INFOSYS LIMITED,**
**SANJAY SHARMA, and**
**RAKESH BABU GOLLAPALLI,**
**Defendants, Jointly and Severally.**

Case: **5:26-cv-13585**
Assigned To : **Levy, Judith E.**
Referral Judge: **Patti, Anthony P.**
Assign. Date : **9/22/2026**
Description: **CMP JANE DOE V. INFOSYS LIMITED ET AL (AB)**

---

## PLAINTIFF'S MOTION FOR LEAVE TO PROCEED UNDER A PSEUDONYM

Plaintiff, proceeding pro se, respectfully moves this Honorable Court for an Order permitting her to proceed in this civil action under the pseudonym "Jane Doe," and directing that her true legal name and identifying details be shielded from the public docket.

In support of this Motion, Plaintiff states that this civil rights and employment action arises out of an egregious, corporate-substantiated instance of executive physical grooming, drug-facilitated sexual assault (DFSA) victimization, and severe retaliatory discharge. Forcing Plaintiff to disclose her true identity on a permanent, public, and digitally searchable judicial index would compel the public unmasking and forensic examination

of highly sensitive, intimate trauma, specifically including a previous attempted sexual assault suffered as a minor, which was statutorily protected from public disclosure, inflicting severe secondary psychological trauma and irreparably destroying her professional livelihood. Conversely, Defendant faces zero prejudice, as its internal legal, compliance, and Employee Relations departments are already fully aware of Plaintiff's true identity and maintain extensive institutional experience defending actions involving anonymous and pseudonym-protected claimants.

Defendant's own investigation substantiated that Plaintiff's direct manager gave her the drug product at issue, and the manager admitted doing so. The closure process confirmed that the psychoactive nature of the product was not disclosed to Plaintiff. The resulting litigation concerns Plaintiff's claims of drug-facilitated sexual-assault victimization, sexual harassment and retaliation and will necessarily require examination of intensely private sexual-trauma matters.

In further support of this Motion, Plaintiff states as follows:

**I. Factual Background**

1. This action is brought to remedy severe sex discrimination, sex-based hostile work environment, sexual harassment, and retaliatory

discharge under Title VII of the Civil Rights Act of 1964 and Michigan's Elliott-Larsen Civil Rights Act (ELCRA).

2. On April 29, 2025, while attending a mandatory employer-sponsored corporate offsite in Ohio involving an overnight hotel stay, Plaintiff was subjected to a rapid, coordinated sequence of supervisory sexual harassment, grooming, and physical victimization.

3. Within seconds, an Infosys Vice President cornered Plaintiff in a chair, performed an unwelcome romantic vocal serenade utilizing a foreign language barrier, and directly stated in English, "Natalie, I love you." Immediately thereafter, while Plaintiff remained cornered, her direct male manager, Sanjay Sharma, approached from behind, isolated her, and surreptitiously administered an unauthorized, undisclosed, and un-tubed high-potency "Knockout Blend" THC-A psychoactive substance, stating: "This is for you."

4. Prior to the delivery, the manager intentionally cut or removed the manufacturer's factory-twisted lighting tip so that the psychoactive substance structurally mimicked an ordinary tobacco cigar. Because an undisclosed intoxicating agent operates forensically as a Drug-Facilitated Sexual Assault ("DFSA") agent, Plaintiff reasonably

experienced this rapid sequence of events as severe physical and sexual victimization.

5. During Defendant's subsequent internal Employee Relations ("ER") investigation, the manager explicitly admitted to the physical concealment and provisioning of the psychoactive drug, and Defendant's ER department formally confirmed to Plaintiff that her account of the physical misconduct was fully "corroborated, open, honest, and substantiated."

6. Despite this explicit internal confession, Defendant failed to separate Plaintiff from her supervisor, forced her to report to her assailant for over two months, stripped Plaintiff of an earned, marketing-approved performance award to bestow it upon the confessed perpetrator, and executed a retaliatory termination of Plaintiff's employment exactly eleven (11) days after closing the compliance file.

7. Plaintiff is also a surviving victim of a prior attempted sexual assault perpetrated against her when she was a minor, an incident for which her identity and privacy were strictly safeguarded under statutory confidentiality protections afforded to juvenile victims of sexual offenses.

8. The factual nexus of the current action specifically, supervisory physical grooming and the deceptive provisioning of an intoxicating chemical agent involving a hotel setting intertwines directly with the profound psychological trauma originating from Plaintiff's childhood victimization. Compelling Plaintiff to prosecute this action under her true legal name would inevitably force the public disclosure, detailed testimony, and cross-examination of this deeply personal childhood trauma on an unsealed public docket, revoking the protective confidentiality she was granted as a minor and compelling her to relive severe, intimate psychological trauma before the public.

9. Concurrently, Plaintiff has invoked the Ending Forced Arbitration of Sexual Assault and Sexual Harassment Act (EFAA), 9 U.S.C. § 401 et seq., to permanently invalidate Defendant's pre-dispute mandatory arbitration agreements under binding Sixth Circuit authority (*Bruce v. Adams and Reese, LLP*), guaranteeing her right to seek a public jury trial.

## II. Legal Standard

10. While Federal Rule of Civil Procedure 10(a) generally directs that the title of a complaint name all parties, the United States Court

of Appeals for the Sixth Circuit has long held that a plaintiff may proceed under a pseudonym when her privacy interests substantially outweigh the customary presumption of open judicial proceedings. *See Doe v. Porter*, 370 F.3d 556, 560 (6th Cir. 2004).

11. Under the governing framework in the Sixth Circuit, courts balance several equitable factors to determine whether pseudonym status is warranted, including:

a) whether the litigation compels the plaintiff to disclose information of the utmost intimacy;

b) whether the plaintiff faces a reasonable fear of severe physical or psychological injury;

c) whether the plaintiff belongs to an especially vulnerable class; and

d) whether proceeding anonymously imposes unfair prejudice upon the defendant. *Id.* at 560; *see also Doe v. Warren Consolidated Schools*, 68 F. App'x 610, 611–12 (6th Cir. 2003).

**III. Argument**

**A. The Litigation Compels Disclosure of Information of the Utmost Intimacy and Exposes Plaintiff to Severe Psychological Harm.**

12. The core factual matrix of this case does not concern an ordinary commercial contract or standard workplace friction. Rather, it centers on the non-consensual physical exposure of a female subordinate to a concealed, mind-altering intoxicating substance by an executive manager at an out-of-town corporate hotel event. Allegations involving drug-facilitated sexual assault agents, physical grooming, and bodily violations touch upon matters of the "utmost intimacy" under Sixth Circuit jurisprudence. *Doe v. Porter*, 370 F.3d at 560.

13. Crucially, the psychological distress, medical conditions, and emotional damages directly asserted in this action are inextricably bound to Plaintiff's history as a survivor of a childhood attempted sexual assault. To substantiate the full scope of her emotional and psychological injuries before a jury, Plaintiff will be required to disclose, testify regarding, and undergo evidentiary inquiry into private medical evaluations and deeply personal trauma that occurred when she was a juvenile.

14. As a minor, Plaintiff's identity was shielded by statutory privacy mandates. Denying leave to proceed under a pseudonym would permanently strip away those juvenile protections, effectively penalizing Plaintiff for seeking statutory redress under Title VII and the ELCRA by broadcasting her childhood victimization onto a permanent, searchable internet database. The acute risk of compounding, secondary psychological traumatization heavily outweighs any generalized public interest in knowing Plaintiff's legal name.

**B. Defendant Faces Zero Unfair Prejudice as it Has Active Historical Memory Managing "Jane Doe" Claimants.**

15. Permitting Plaintiff to proceed as "Jane Doe" causes no operational, evidentiary, or legal prejudice to Defendant Infosys Limited. Defendant's Employee Relations and internal compliance departments conducted the underlying investigation, possess all internal investigative files and transcripts, and are intimately aware of Plaintiff's true identity.

16. Furthermore, managing anonymous litigants is an established component of Defendant's corporate litigation experience. Defendant

has actively litigated multiple high-stakes disputes involving anonymous or structurally shielded claimants, including:

a) *Subacs, Doyle, Thompson, and Jane Doe v. Infosys Limited* (EEOC 2021), a high-profile multi-plaintiff enforcement action wherein Defendant defended claims asserted by an anonymous, pseudonym-protected female employee; and

b) *Orozco v. Infosys Ltd.* (S.D. Tex.), where federal docket entries and underlying internal corporate investigations structured the identity of a female harassment complainant as an anonymous reporter to prevent downstream retaliation and harassment.

17. Because Defendant's legal defense team and human resources infrastructure have full knowledge of Plaintiff's identity and extensive institutional familiarity with pseudonym proceedings, Defendant cannot claim surprise, impaired discovery capacity, or unfair prejudice.

**C. Plaintiff Faces Severe, Irreparable Professional Blacklisting.**

18. Plaintiff is an accomplished, senior sales executive who served as a Senior Engagement Manager (JL7A) and Chair of the Women's Employee Resource Group. In the highly interconnected automotive and enterprise IT consulting sectors, a public federal docket permanently indexing her legal name to an admitted supervisory drugging and a corporate compliance cover-up would inflict catastrophic professional harm, rendering her unemployable and blacklisted from executive opportunities.

## IV. Conclusion and Proposed Protective Measures

To properly balance the public's interest in monitoring judicial proceedings with Plaintiff's fundamental privacy and psychological safety, Plaintiff proposes the following narrowly tailored protective framework:

a) Plaintiff shall be permitted to initiate and maintain all pleadings, motions, and docket entries under the pseudonym "Jane Doe"; and

b) Plaintiff will contemporaneously submit a confidential, sealed identity index directly to the Clerk of the Court containing her true legal name and residential contact information, ensuring the Court and Defendant retain

complete access to her identity for all legitimate discovery, depositions, and case administration, while shielding her identity from the public sphere.

**WHEREFORE**, Plaintiff respectfully requests that this Honorable Court **GRANT** her Motion for Leave to Proceed Under a Pseudonym, enter an Order authorizing Plaintiff to proceed under the pseudonym "Jane Doe," and direct the Clerk of Court to maintain Plaintiff's true identifying information under seal.

Dated: September 22, 2026

Respectfully submitted,

___

**JANE DOE**, Plaintiff Pro Se
P. O. Box 402
Southfield, MI 48037-9913
janedoe.litigation@proton.me
(947) 254-0830
(True legal name and primary residence submitted under seal)