**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF MICHIGAN**
**SOUTHERN DIVISION**

Jane Doe,

Plaintiff,

v.

Infosys Limited, Sanjay Sharma, and Rakesh Babu Gollapalli,

Defendant(s).

_________________________________/

Case No. 5:26-cv-13585

Judith E. Levy
United States District Judge

Mag. Judge Anthony P. Patti

**DEFENDANT INFOSYS LIMITED'S MOTION TO SEAL**

Defendant Infosys Limited ("Infosys") appears for the limited purpose of filing this Motion to Seal certain documents attached as exhibits to Plaintiff Jane Doe's Complaint. In so appearing, Infosys does not waive its right to later challenging this Court's personal jurisdiction should Plaintiff fail to effect service of process in accordance with the Federal Rules.

In support, Infosys relies on E.D. Mich. LR 5.3 and the facts and arguments in its accompanying brief.

Pursuant to E.D. Mich. LR 7.1(a), prior to filing this Motion, Plaintiff informed Infosys's counsel that Plaintiff opposes this Motion.

Dated: October 12, 2026

Respectfully submitted,

**FAEGRE DRINKER BIDDLE & REATH LLP**

*/s/ Kelly A. Petrocelli*

Kelly A. Petrocelli (P71876)
320 South Canal Street, Suite 3300
Chicago, Illinois 60606
Tel: (312) 569-1343
Fax: (312) 569-3000
kelly.petrocelli@faegredrinker.com

***Attorney for Defendant Infosys Limited, Appearing for a Limited Purpose***

**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF MICHIGAN**
**SOUTHERN DIVISION**

Jane Doe,

Plaintiff, Case No. 5:26-cv-13585

v. Judith E. Levy
United States District Judge

Infosys Limited, Sanjay Sharma,
and Rakesh Babu Gollapalli, Mag. Judge Anthony P. Patti

Defendant(s).

________________________________/

**BRIEF IN SUPPORT OF DEFENDANT INFOSYS LIMITED'S MOTION TO SEAL**

Defendant Infosys Limited ("Infosys")[1] seeks an order to seal Exhibits 8 and 15 to Plaintiff's Complaint, ECF No. 1. Infosys asks the Court to shield these exhibits from public disclosure because they include highly sensitive and competitive trade-secret and otherwise confidential and proprietary information.

[1] Infosys has not yet been served in this matter. Infosys appears for the limited purpose of protecting its confidential information. It does not waive Plaintiff's obligation to effect service, and does not substantially engage in litigation so as to waive its rights to later elect arbitration.

## LEGAL STANDARD

Courts "have always been afforded the power to seal their records" under certain circumstances. *In re Knoxville News-Sentinel Co., Inc.*, 723 F.2d 470, 474 (6th Cir. 1983) (collecting cases); *see also Nixon v. Warner Commc'ns, Inc.*, 435 U.S. 589, 598 (1978) (holding that courts maintain "supervisory power over [their] own records and files"). This power is reflected in the Federal Rules of Civil Procedure and the Eastern District of Michigan's Local Rules. *See* Fed. R. Civ. P. 5.2(d) ("The court may order that a filing be made under seal without redaction."); E.D. Mich. LR 5.3(b). Local Rule 5.3(b)(3)(A) outlines the steps that a party must take to request authorization to file materials under seal. E.D. Mich. LR 5.3(b)(3)(A).

In the Sixth Circuit, there is a strong presumption that records filed with the court must be open. *See Shane Grp., Inc. v. Blue Cross Blue Shield of Mich.*, 825 F.3d 299, 305 (6th Cir. 2016). "The burden of overcoming that presumption is borne by the party that seeks to seal them." *Id.* The presumption can be overcome if a party shows "a compelling reason why certain documents or portions thereof should be sealed [and that] the seal itself [is] narrowly tailored to serve that

reason." *Id.* "The proponent of sealing . . . must analyze in detail, document by document, the propriety of secrecy, providing reasons and legal citations." *Id.* at 305–06 (internal citation and quotation marks omitted). "Only the most compelling reasons can justify non-disclosure of judicial records." *Id.* at 305 (quoting *In re Knoxville News–Sentinel Co.*, 723 F.2d at 476).

"[A] district court that chooses to seal court records must set forth specific findings and conclusions 'which justify nondisclosure to the public.'" *Id.* at 306 (quoting *Brown & Williamson Tobacco Corp. v. F.T.C.*, 710 F.2d 1165, 1176 (6th Cir. 1983)). "[A] court's obligation to explain the basis for sealing court records is independent of whether anyone objects to it." *Id.* "And a court's failure to set forth those reasons—as to why the interests in support of nondisclosure are compelling, why the interests supporting access are less so, and why the seal itself is no broader than necessary—is itself grounds to vacate an order to seal." *Id.*

## ARGUMENT

Infosys asks the Court to seal Exhibit 8 and Exhibit 15 to Plaintiff's Complaint because each contains confidential, proprietary, and trade secret information belonging to Infosys that Infosys has not been able to

adequately protect at this stage of the litigation due to a lack of a Protective Order. Exhibit 8 includes a listing of Infosys's customers, the business opportunities associated with each customer, the total contract value of that opportunity, and its status. Exhibit 15 includes detailed revenue numbers for Infosys's customers and Infosys's strategies to increase revenue. Infosys requests that these documents be sealed to protect Infosys's legitimate business interests.

As set forth more fully herein, Infosys's narrowly tailored request satisfies all requisite parts of Local Rule 5.3(b)(3)(A).

### A. An Index of Documents Pursuant to Local Rule 5.3(b)(3)(A)(i).

Infosys states that the items proposed for sealing are indexed below:

| Ex. or ECF No. | Whether Any Party Objects to Filing Under Seal | Third- or Non-Party Privacy Interests | Designation and Justification to File Under Seal |
|---|---|---|---|
| ECF No. 1, at 102 (Ex. 8) | Plaintiff objects to the redacted filing/sealing of this information. LR 5.3(b)(3)(A)(i). | Contains customer names and confidential project descriptions, TCV (total contract value) of projects. L.R. 5.3(b)(3)(A)(ii). | No protective order has been entered in this case; accordingly, no party has yet had the opportunity to designate the information confidential under a protective order. LR 5.3(b)(3)(A)(iii). |

| | | | |
|---|---|---|---|
| | | | This document contains Infosys's trade-secret information, information about company protocols and procedures, and confidential information about customers, project descriptions, pricing, delivery, and confidential internal comments, and the proposed redactions thus protect highly confidential business information. For Legal Argument, *see infra*. LR 5.3(b)(3)(A)(iv). |
| ECF No. 1, at 122–24 (Ex. 15) | Plaintiff objects to the redacted filing/sealing of this information. LR 5.3(b)(3)(A)(i). | Contains confidential information pertaining to customer growth, progress, pricing, proposals, and a customer's future business plans and growth, confidential collaborations, and planned projects and opportunities and business impacts, including on staffing. L.R. | No protective order has been entered in this case; accordingly, no party has yet had the opportunity to designate the information confidential under a protective order. LR 5.3(b)(3)(A)(iii).<br><br>This document contains Infosys's trade-secret information, information about company protocols and procedures, and confidential information about a customer, internal growth strategy, projects in progress, pricing and competitive pricing information, delivery information, confidential internal comments, |

| | | | |
|---|---|---|---|
| | | 5.3(b)(3)(A)(ii). | forthcoming proposals and budget information, and information about the customer's growth plans and strategies, confidential projects and opportunities and their business impacts, including on employee roles and staffing. The proposed redactions thus protect highly confidential business information. For Legal Argument, *see infra.* LR 5.3(b)(3)(A)(iv). |

## B. <u>A Description of Any Non-Party or Third-Party Privacy Interests that May Be Affected Pursuant to Local Rule 5.3(b)(3)(A)(ii).</u>

In compliance with LR 5.3(b)(3)(A)(ii), Infosys submits that the indexed documents contain significant customer, project, and business information that impacts non-party and third-party privacy interests. Courts in this circuit have "recognized that "'the privacy interests of innocent third parties should weigh heavily in a court's balancing equation,"'" *In re FCA US LLC Monostable Elec. Gearshift Litig.*, 377 F. Supp. 3d 779, 787 (E.D. Mich. 2019), which applies in situations where the third party "ha[s] done nothing to give rise to the suit[.]" *Shane Grp., Inc.*, 825 F.3d at 308 (explaining that innocent third-party customers'

financial information may be protected from disclosure (citing *In re Knoxville News-Sentinel Co., Inc.*, 723 F.2d 470, 477 (6th Cir. 1983) (ruling that the third parties "possessed a justifiable expectation of privacy that their names and financial records not be revealed to the public" and "[t]heir interests in privacy are sufficiently compelling to justify non-disclosure"))).

Plaintiff does not allege in the Complaint that Infosys's customers participated in any conduct giving rise to her claims of age, race, sex, and national-origin discrimination; sexual harassment; and retaliation. *See generally* ECF. No. 1. Instead, Plaintiff cites to Exhibits 8 and 15 merely for the proposition that she "was actively generating commercial value" prior to her separation. *See* Compl. ¶110. The specific confidential business information contained in those exhibits to Plaintiff's Complaint is itself wholly unrelated to Plaintiff's claims and should be shielded from public view. *Shane Group, Inc.*, 825 F.3d at 308.

### C. Whether the Indexed Information was Designated as "Confidential" Under a Protective Order Pursuant to Local Rule 5.3(b)(3)(A)(iii).

In compliance with LR 5.3(b)(3)(A)(iii), Infosys notes that it has not yet been served with a Summons and Complaint in this case, and thus

no protective order has been filed. No party has had an opportunity to designate the indexed documents as confidential.

### D. A Detailed Analysis Demonstrating that a Request to Seal Satisfies Controlling Authority Pursuant to Local Rule 5.3(b)(3)(A)(iv).

In compliance with LR 5.3(b)(3)(A)(iv), Infosys states that courts recognize the importance of maintaining the confidentiality of proprietary business and trade secret information by sealing documents which would, if made public, give the movant's competitors an unfair business advantage. *Cinpres Gas Injection Ltd. v. Volkswagen Grp. of Am., Inc.*, No. 12-CV-13000, 2013 WL 11319319, at *3 (E.D. Mich. Fed. 14, 2013); *see also Apple, Inc. v. Samsung Elec. Co., Ltd.*, 2012 WL 6115623, at *1 (N.D. Cal. Dec. 10, 2012) (explaining that documents may be sealed to protect trade secrets, defined as "information which is used in one's business, and which gives him an opportunity to obtain an advantage over competitors who do not know or use it," or to prevent dissemination of "business information that might harm a litigant's competitive standing"); *Mars, Inc. v. JCM Am. Corp.*, 2007 WL 496816, at *2 (D.N.J. Feb. 13, 2007) ("Courts generally protect materials containing 'trade secret[s] or other confidential research, development, or

commercial information' to prevent harm to a litigant's standing in the marketplace"); *Flexsys Am. LP v. Kumho Tire U.S.A., Inc.*, 2010 WL 2813423, at *2 (N.D. Ohio July 15, 2010) (granting motion to seal based on movant's asserted "right to protect trade secrets and/or the competitive sensitivity of the information"). Under Michigan law, a trade secret includes "'information . . .' that is the subject of reasonable efforts to maintain its secrecy and derives independent economic value from that secrecy." *B&P Littleford, LLC v. Prescott Mach., LLC*, Nos. 20-1449, 20-1451, 2021 WL 3732313, at *5 (6th Cir. Aug. 24, 2021) (quoting Mich. Comp. Laws § 445.1902(d)).

Infosys derives independent economic value from the secrecy of the information described in the chart above because it comprises information compiled, developed, and maintained through Infosys's own investment that allows Infosys to uniquely serve its customers. Decl. of Jasmeet Singh ¶ 6. The public disclosure of this information will competitively harm Infosys because it would allow competitors to utilize information about Infosys's protocols and procedures, pricing and project-delivery information with specific customers, and business-impact and growth-projection information, which would allow other businesses to

unfairly compete with Infosys. *Id.* Accordingly, Infosys takes substantial measures to maintain the secrecy of this information by limiting it to employees on a need-to-know basis and ensuring strong passwords and encryption protect this information from unauthorized access. *Id.* ¶ 7. Exhibits 8 and 15 to the Complaint reveal this trade-secret information, which should be redacted to protect Infosys's substantial interest in its confidentiality.

Although trade-secret status is not essential to warrant protection where disclosure of the information nonetheless "might harm a litigant's competitive standing," *McClure v. Leafe*, No. CV 17-13106, 2019 WL 13201174, at *1 (E.D. Mich. Aug. 20, 2019), courts have found that information related to a party's confidential marketing strategy and business information, as here, constitutes trade-secret information, *Am. Furukawa, Inc. v. Hossain*, No. 14-13633, 2017 WL 4324945, at *5 (E.D. Mich. Sept. 29, 2017) (finding that plaintiff's business plans, sales projections, financial information, cost information, market information, customer information, quotation materials, pricing information, and engineering data were all protectable trade secrets); *Xoran Holdings LLC v. Luick*, No. 16-13703, 2017 WL 4039178, at *5 (E.D. Mich. Sept. 13,

2017) (finding that, *inter alia*, business information, proprietary pricing models, customer contact lists, including the peculiar needs of particular clients, cost, profit, and sales data, tiered pricing, financing, and related work product all could be trade secrets). The harm to Infosys of publicizing the trade-secret and otherwise confidential and proprietary business information provides a compelling reason to seal the information from public disclosure. Infosys's request is narrowly tailored—limited to only four pages of Plaintiff's 148-page Complaint—and substantially outweighs any public interest in information unrelated to the claims at issue in this lawsuit and pertaining to innocent third parties.

Finally, a means other than sealing is not available or satisfactory to preserve the interests advanced supporting the motion to seal. A redacted copy of the documents that Infosys requests to be sealed are being filed contemporaneously herewith, as well as an unredacted copy with notation indicating the portions that are the subject of this Motion.

## CONCLUSION

For these reasons, Infosys asks the Court to grant the motion to seal and permit Infosys to redact the items listed herein.

Dated: October 12, 2026

Respectfully submitted,

**FAEGRE DRINKER BIDDLE & REATH LLP**

*/s/ Kelly A. Petrocelli*
Kelly A. Petrocelli (P71876)
320 South Canal Street, Suite 3300
Chicago, Illinois 60606
Tel: (312) 569-1343
Fax: (312) 569-3000
kelly.petrocelli@faegredrinker.com

***Attorney for Defendant Infosys Limited, Appearing for a Limited Purpose***