**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF MICHIGAN**
**SOUTHERN DIVISION**

Jane Doe,

Plaintiff,

v.

Infosys Ltd., *et al.*,

Defendants.
_______________________________/

Case No. 26-13585

Judith E. Levy
United States District Judge

Mag. Judge Anthony P. Patti

**ORDER GRANTING DEFENDANT INFOSYS LIMITED'S MOTION TO SEAL [9]**

Before the Court is Defendant Infosys Limited's motion to seal Exhibits 8 and 15 to Plaintiff's Complaint at ECF No. 1. (ECF No. 9.) Plaintiff opposes the motion. (*Id.* at PageID.244.) Defendant's motion is granted for the reasons set forth below.

Eastern District of Michigan Local Rule 5.3 governs material filed under seal. There is "a 'strong presumption in favor of openness' as to court records." *Shane Grp., Inc. v. Blue Cross Blue Shield of Mich.*, 825 F.3d 299, 305 (6th Cir. 2016) (quoting *Brown & Williamson Tobacco Corp. v. F.T.C.*, 710 F.2d 1165, 1179 (6th Cir. 1983)). A request for a seal

must be "narrowly tailored. . . in accord with applicable law." E.D. Mich. LR 5.3(b)(2).

The Court may grant a motion to seal "only upon a finding of a compelling reason why certain documents or portions thereof should be sealed." *Id.* at (b)(3)(C)(i). Even if no party objects to a motion to seal, the "district court that chooses to seal court records must set forth specific findings and conclusions 'which justify nondisclosure to the public.'" *Shane Grp.*, 925 F.3d at 306 (quoting *Brown & Williamson*, 710 F.2d at 1176). The Court must make its decision based on the following three factors: "why the interests in support of nondisclosure are compelling, why the interests supporting access are less so, and why the seal itself is no broader than necessary." *Id.* (citing *Brown & Williamson*, 710 F.2d at 1176).

Defendant asks to seal Exhibits 8 and 15 to Plaintiff's Complaint. Both exhibits include sensitive and competitive trade-secret proprietary information. Courts recognize the importance of sealing documents that contain legitimate trade secrets and other confidential information that would, if made public, "cause the movants to suffer a competitive disadvantage." *E.g.*, *Cinpres Gas Injection Ltd. v. Volkswagen Grp. of*

*Am., Inc.*, No. 12-cv-13000, 2013 WL 11319319, at *3 (E.D. Mich. Feb. 14, 2013) (collecting cases). Under the Michigan Uniform Trade Secrets Act,

> (d) "Trade Secret" means information . . . that is both of the following:
>
> > (*i*) Derives independent economic value, actual or potential, from not being generally known to, and not being readily ascertainable by proper means by, other persons who can obtain economic value from its disclosure or use.
> >
> > (*ii*) Is the subject of efforts that are reasonable under the circumstances to maintain its secrecy.

Mich. Comp. Laws § 445.1902(d). Defendant sufficiently demonstrates that the information in Exhibits 8 and 15 are trade secrets worthy of sealing. (*See* ECF No. 9, PageID.253–255; ECF No. 17, PageID.593.) And though Plaintiff argues that Exhibits 8 and 15 are evidence of her satisfactory job performance and therefore are evidence that her "termination under the guise of performance deficiencies" was "pretext[ual]" (ECF No. 14, PageID.571), these are neither the only exhibits Plaintiff attached to her complaint regarding her job performance. Nor will Plaintiff be prevented from relying on these exhibits in litigating her case. Moreover, sealing Exhibits 8 and 15 will not interfere with "the public's interest . . . [in] the conduct giving rise to

the case," *Shane Grp., Inc.*, 825 F.3d at 305, as 144 of the 148 pages of Plaintiff's complaint will remain unsealed.

In sum, the Court finds that Exhibits 8 and 15 contain information that is appropriate for sealing. No party has identified compelling interests that support public access to these documents, and the Court is not aware of any that outweigh the interests favoring nondisclosure. The Court also finds that the sealing proposed by Defendant is not broader than necessary. Accordingly, Defendant has met all three *Shane Group* factors in favor of sealing Exhibits 8 and 15 to Plaintiff's complaint. As such, Defendant's motion to seal Exhibits 8 and 15 to Plaintiff's complaint is GRANTED.

IT IS SO ORDERED.

Dated: November 20, 2026
Ann Arbor, Michigan

s/Judith E. Levy
JUDITH E. LEVY
United States District Judge

**CERTIFICATE OF SERVICE**

The undersigned certifies that the foregoing document was served upon counsel of record and any unrepresented parties via the Court's ECF System to their respective email or first-class U.S. mail addresses disclosed on the Notice of Electronic Filing on November 20, 2026.

s/William Barkholz
Case Manager