**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF MICHIGAN**
**SOUTHERN DIVISION**

Jane Doe,

Plaintiff, Case No. 26-13585

v. Judith E. Levy
United States District Judge

Infosys Ltd., *et al.*,

Mag. Judge Anthony P. Patti

Defendants.
_________________________________/

**ORDER WARNING PLAINTIFF OF HER DUTY TO VERIFY ALL LEGAL CITATIONS AND OF POTENTIAL FUTURE SANCTIONS**

Before the Court is Plaintiff's motion for leave to proceed under a pseudonym. (ECF No. 4.) For the reasons set forth below, Plaintiff is warned of the problems with the legal citations in her motion and of her obligation to verify all future legal citations. Plaintiff is further warned that, should she fail to verify all future legal citations, she may face sanctions.

Plaintiff's motion incorrectly cites cases and asserts that cases stand for propositions for which they do not stand. Plaintiff seemingly relies on AI-generated authority or AI-generated claims about what the authorities she cites stand for. Such citations are improper.

Plaintiff cites to "*Doe v. Porter*, 370 F.3d 556, 560 (6th Cir. 2004)." (ECF No. 4, PageID.157.) While *Doe v. Porter* is a real case, the correct reporter citation is 370 F.3d 558. Though this is a relatively minor error, Plaintiff goes on to misrepresent the holding in this case. She falsely attributes the following to *Doe v. Porter* and to "*Doe v. Warren Consolidated Schools*, 68 F. App'x 610, 611 (6th Cir. 2003)," claiming that:

> Under the governing framework in the Sixth Circuit, courts balance several equitable factors to determine whether pseudonym status is warranted, including:
>
> a) whether the litigation compels the plaintiff to disclose information of the utmost intimacy;
>
> b) whether the plaintiff faces a reasonable fear of severe physical or psychological injury;
>
> c) whether the plaintiff belongs to an especially vulnerable class; and
>
> d) whether proceeding anonymously imposes unfair prejudice upon the defendant.

(ECF No. 4, PageID.157 (first citing *Porter*, 370 F.3d at 560; and then citing "*Doe v. Warren Consolidated Schools*, 68 F. App'x 610, 611 (6th Cir. 2003)").)

The Court carefully reviewed *Doe v. Porter*. That case supports the contention that courts look to whether "prosecution of the suit will compel the plaintiffs to disclose information 'of the utmost intimacy'" when

determining whether to allow a plaintiff to proceed pseudonymously. *Porter*, 370 F.3d at 560 (quoting *Doe v. Stegall*, 653 F.2d 180, 185–86 (5th Cir. 1981)). However, the other three "equitable factors" Plaintiff cites appear nowhere in the case. Plaintiff's argument regarding *Doe v. Porter*'s reasoning may have been AI-generated because it is not based on that opinion. *See Buckner v. Hilton Glob.*, No. 3:24-cv-375-RGJ, 2025 WL 890175, at *14 (W.D. Ky. Mar. 21, 2025) (stating that the court has "reason to believe" a pro se party used AI in drafting his fourth amended complaint because one cited case does not exist, and another cited case does not discuss what the party claimed it did).

Moreover, there are numerous problems with Plaintiff's citation to "*Doe v. Warren Consolidated Schools*, 68 F. App'x 610, 611 (6th Cir. 2003)." (ECF No. 4, PageID.157.) First, that citation, 68 F. App'x corresponds most closely to *Landham v. Taylor*, 68 F. App'x 608 (6th Cir. 2003), or *United States v. Marrero*, 68 F. App'x 611 (6th Cir. 2003). Second, the Court could only locate one Sixth Circuit case by the name of *Doe v. Warren Consolidated Schools*: *Doe v. Warren Consolidated Schools*,

93 F. App'x 812 (6th Cir. 2004),[1] which has both a vastly different reporter number from the one Plaintiff provided and is from a different year. Worse still, that case does not mention or even remotely concern the standard for proceeding pseudonymously.

By citing cases incorrectly and claiming that those cases stand for propositions that they do not stand for, Plaintiff has wasted judicial resources and violated her obligations pursuant to Federal Rule of Civil Procedure 11(b)(2). Rule 11(b)(2) provides that, "[b]y presenting to the court a pleading, written motion, or other paper . . . an attorney or unrepresented party certifies that . . . the claims, defenses, and other legal contentions are warranted by existing law." And though "[p]ro se [filers] enjoy the benefit of a liberal construction of their pleadings and filings," *Boswell v. Mayer*, 169 F.3d 384, 387 (6th Cir. 1999), this does not excuse Plaintiff's violation of Rule 11. *King v. IB Prop. Holdings Acquisition*, 635 F. Supp. 2d 651, 661 (E.D. Mich. 2009). "[A] pro se

[1] The Court located three cases in the Eastern District of Michigan with the same or similar names, and none of those cases discuss the standard for proceeding pseudonymously, either. *See Doe ex rel. Doe v. Warren Consol. Schs.*, 307 F. Supp. 2d 860 (E.D. Mich. 2003), *aff'd in part, appeal dismissed in part sub nom. Doe v. Warren Consol. Schs.*, 93 F. App'x 812 (6th Cir. 2004); *Doe ex rel. Doe v. Warren Consol. Schs.*, No. 00-cv-72956-DT, 2005 WL 1788618 (E.D. Mich. July 26, 2005); *Doe v. Warren Consol. Schs.*, No. 05-71735, 2007 U.S. Dist. LEXIS 25532 (E.D. Mich. Apr. 5, 2007).

litigant must not provide the Court with erroneous and factitious citations and has an obligation to review documents filed with the Court to make certain they are scrupulously accurate." *Evans v. Robertson*, No. 24-cv-13435, 2025 WL 2737446, at *4 (E.D. Mich. Sep. 25, 2025) (quoting *Everett J. Prescott, Inc. v. Beall*, No. 1:25-cv-00071, 2025 WL 2084353, at *2 (D. Me. July 24, 2025)). *Pro se* litigants, like represented litigants, may be sanctioned for Rule 11 violations. *King*, 635 F. Supp. 2d at 661.

The Court warns Plaintiff that she may be subject to sanctions if she violates Rule 11, including by citing nonexistent cases or by incorrectly representing the holdings of existing cases. Put simply, factitious citations will not be tolerated by the Court. Accordingly, Plaintiff is warned that she is required to check all citations, and that future factitious citations may result in sanctions, up to and including the dismissal of this case.

IT IS SO ORDERED.

Dated: November 20, 2026
Ann Arbor, Michigan

s/Judith E. Levy
JUDITH E. LEVY
United States District Judge

## CERTIFICATE OF SERVICE

The undersigned certifies that the foregoing document was served upon counsel of record and any unrepresented parties via the Court's ECF System to their respective email or first-class U.S. mail addresses disclosed on the Notice of Electronic Filing on November 20, 2026.

s/William Barkholz
WILLIAM BARKHOLZ
Case Manager